**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PLAN BOARD OF SUNKIST RETIREMENT PLAN, | No. 10-55745 |
| Plaintiff-Counter-Defendant - Appellee, | D.C. No. CV-05-8659-AG(RCx) |
| v. | MEMORANDUM* |
| HARDING & LEGGETT, INC., | |
| Defendant-Counter-Claimant -Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and submitted December 9, 2011
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and JONES, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

Defendant-Appellant Harding & Leggett, Inc. ("H&L") appeals the judgment of the district court. The court found in favor of Plaintiff-Appellee Plan Board of Sunkist Retirement Plan (the "Plan Board") in regard to H&L's liability as a result of its withdrawal from a multiple-employer pension plan. H&L argues that the Plan Board abused its discretion in calculating the withdrawal liability amount. H&L principally argues that the interest rate assumption utilized to calculate its withdrawal liability was unreasonably low and selected for the purpose of exaggerating its liability. In related arguments, H&L contends that the Plan Board improperly included a job elimination benefit in its calculation, as well as missing and deceased participants. We review the district court's judgment for clear error, and we affirm.

The interest rate assumption used to calculate H&L's withdrawal liability was not unreasonably low. The record supports the district court's finding that in this case, the combination of the Pension Benefit Guaranty Corporation's ("PBGC") interest rate assumptions with its mortality rate assumptions approximates insurance annuity market pricing. The district court therefore did not err in upholding the Plan Board's chosen interest rate assumptions.

Furthermore, we do not accept H&L's argument that the Plan Board improperly included the job elimination benefit in its calculation. Testimony at trial established that the omission of the job elimination benefit was simply a clerical error, and that the benefit was received by at least one H&L employee during the time the language

was missing from the Plan document. Thus, the district court's factual finding that the benefit was added to the Plan through an amendment in 1997 and was included in the Plan at the time of H&L's withdrawal was not clearly erroneous.

Similarly, the Plan Board did not improperly include missing and deceased participants in its calculation. The regulations issued under ERISA require that, "[i]n the absence of proof of death, individuals not located are presumed living." 29 C.F.R. § 4050.2 (definition of "missing participant"). This refutes H&L's assertion that certain missing participants should be presumed dead. Moreover, the Plan Board regularly conducted mortality audits and utilized a commercial locator service to search for missing participants as required by 29 C.F.R. § 4050.4(b)(3). Accordingly, the district court did not err in concluding that the Plan Board did not abuse its discretion in calculating H&L's withdrawal liability.

**AFFIRMED.**